```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
BETH ABRAHAM-CNR FOUNDATION,                                           :
:
Plaintiff,              :
:                         25-cv-05100 (LJL)
-v-                                      :
:                         MEMORANDUM AND
CENTERLIGHT HEALTH SYSTEM INC. et al,                                  :               ORDER
:
Defendants.             :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Beth Abraham-CNR Foundation initiated this case by complaint filed in New York State Supreme Court, New York County, alleging claims under the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and state law claims for fraud, breach of fiduciary duty, conversion, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, aiding and abetting conversion, unjust enrichment, and money had and received.  Dkt. No. 1-2.[1]  Defendants removed the action to this Court on the basis of federal question jurisdiction.  Dkt. No. 1.  On July 1, 2025, however, after the case was removed, Plaintiff filed an Amended Verified Complaint in which it dropped all RICO claims and asserted only state law claims.  Dkt. No. 8.  Plaintiff now requests that the case be remanded to state court pursuant to 28 U.S.C. § 1447(c).  Dkt. No. 10.  The request is on consent.  *Id.*

    "Where the state claims originally reached the federal forum by removal from a state court, the district court has the discretion to dismiss the claims without prejudice or remand them to the state court."  *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988); *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Williams v. City of New York Dep't of*

---

[1] Plaintiff also sought injunctive and declaratory relief and an accounting.  Dkt. No. 1-2.

*Correction*, 2020 WL 3893929, at *7 (S.D.N.Y. July 10, 2020); *Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, 354 F. Supp. 2d 293, 311 (S.D.N.Y. 2004). "Courts regularly remand actions where, like here, the plaintiff voluntarily dismisses all federal claims after the case has been removed." *Paparella v. Liddle & Robinson, L.L.P.*, 2023 WL 2344725, at *8 (S.D.N.Y. Mar. 3, 2023).

Accordingly, the Clerk of Court is respectfully directed to remand this case to the New York State Supreme Court, New York County.

SO ORDERED.

Dated: July 21, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge